NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50182 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00954-SVW |
| v. | |
| ENRIQUE GONZALEZ HUERTA, a.k.a. Enrique Sierra Gonzalez, a.k.a. Gustavo Gonzalez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Enrique Gonzalez-Huerta appeals from the 72-month sentence imposed

following his conviction for re-entry after deportation, in violation of 8 U.S.C.

§ 1326.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm, but remand to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

correct the judgment.

Gonzalez-Huerta contends that the district court procedurally erred by failing adequately to discuss the 18 U.S.C. 3553(a) factors and to explain the deviation from the Guidelines range. We disagree. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

Gonzalez-Huerta also contends that his sentence is substantively unreasonable because the 18 U.S.C. § 3553(a) factors were not individually applied to his case, and because it is unduly harsh and creates an unwarranted disparity with similarly situated defendants. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors, the sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Gonzalez-Huerta additionally contends that the district court failed to provide notice under Federal Rule of Criminal Procedure 32(h). The record reflects that the district court varied from the Guidelines under 18 U.S.C. § 3553(a), and it had no obligation to provide Gonzalez-Huerta notice. *See Irizarry v. United States*, 553 U.S. 708, 714 (2008) (limiting the Rule 32(h) notice requirement to departures under 18 U.S.C. § 3553(b)).

Contrary to Gonzalez-Huerta's contention, he is not entitled to judicial estoppel.

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the reference to 8 U.S.C. § 1326(b)(1). *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to section 1326(b)).

**AFFIRMED; REMANDED to correct judgment.**

10-50182